UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEATRICK MARSHALL,

                Plaintiff,

v.

PAUL JAYNE, et al.,

                Defendants.

Case # 12-CV-6127-FPG

DECISION AND ORDER

After a trial in which the jury found no cause of action against Correctional Officers Paul Jayne, Ronald Kennell, Peter Mastrantonio, Brian Evans and Sergeant Toby Barber, the Defendant's counsel submitted a Bill of Costs seeking to have certain costs taxed against the Plaintiff. For the following reasons, I find that (1) mileage expenses requested by Defendants' counsel are not permissible, and are therefore disallowed, and (2) the costs for the production of transcripts are proper, and are therefore taxable.

DISCUSSION

The default rule in this circuit regarding the award of costs is that "[a]s a general matter, costs – other than attorney's fees – should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Rule codifies a venerable presumption that prevailing parties are entitled to costs." *Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014), quoting *Marx v. Gen. Revenue Corp.*, --- U.S. ----, 133 S. Ct. 1166, 1172 (2013) (internal quotation marks omitted). Further, "the decision to award costs under Rule 54(d)(1) is committed to the sound discretion of the district court." *Carter*, 759 F.3d at 164 (internal quotation and citation omitted). However, the ability to tax costs is not unlimited, and district courts are limited in awarding costs to those specifically authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987). Where a bill of costs is challenged, the reviewing district court exercises

discretion and "decide[s] the cost question [it]self." *Whitfield v. Scully,* 241 F.3d 264, 269 (2d Cir. 2001) (internal quotation marks and citation omitted).

The primary statute governing the award of costs, 28 U.S.C. § 1920, provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursement for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

It is undisputed that the Defendants are the prevailing party in this action. However, the Plaintiff argues that the costs requested by the Defendants are not appropriately taxed against him.

The Bill of Costs submitted by the Defendants on March 9, 2015 sought to have taxed (1) the sum of $586.53 that was paid to Depaolo-Crosby Reporting Services, Inc., who produced the transcript of the Plaintiff's deposition on July 2, 2013, and (2) the sum of $523.19 in mileage expenses related to Plaintiff's witnesses Alvin Barnhill, Lee Griffen, and Dawan Brent-Pridgen. ECF No. 50. The Plaintiff filed his Objection to these costs on April 13, 2015, in which he argued that the mileage expenses were inappropriate, since as prisoners, those witnesses cannot claim the expenses themselves. ECF No. 54. The Plaintiff also questioned the validity of the deposition expenses, only arguing that the Defendants have "obvious malice for the Plaintiff." *Id.*

Regarding the $586.53 requested for taking the Plaintiff's deposition, pursuant to 28 U.S.C. § 1920(3), deposition expenses may be recovered if reasonably necessary at the time they were taken. *See Health–Chem Corp. v. Hyman,* 523 F. Supp. 27, 33 (S.D.N.Y. 1981). Plaintiff's

unsupported allegation of malice is irrelevant and without merit, and I have no trouble finding that taking the Plaintiff's deposition in this case was necessary and within the bounds of discovery. Therefore, the Plaintiff's Objection to the $586.53 in deposition costs is overruled.

I reach a different conclusion regarding the $523.19 in mileage expenses related to Plaintiff's witnesses Alvin Barnhill, Lee Griffen, and Dawan Brent-Pridgen. At the time of trial, all three individuals were inmates in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), and were produced before the Court pursuant to Writs of Habeas Corpus Ad Testificandum. To execute those Writs, DOCCS staff transported Barnhill, Griffen and Brent-Pridgen from their places of incarceration, and the current Bill of Costs seeks reimbursement for the mileage expenses of the DOCCS transports. I reject taxing these costs for several reasons.

First, DOCCS is not a Defendant in this case, so they have no standing to request the taxation of costs they may have incurred. Second, while it is true that the Defendants are employed by DOCCS, that employment does not give those individuals the ability or authority to request costs incurred by their employer. But more fundamentally, the Supreme Court has held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co.*, 482 U.S. at 445. While three different provisions – Rule 54(d), 28 U.S.C. § 1821, and 28 U.S.C. § 1920 – all govern the award of costs, the Supreme Court has instructed that they must all be read in conjunction with each other. *Crawford Fitting Co.*, 482 U.S. at 441. ("The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs.")

With 28 U.S.C. § 1821 added into the mix, it is clear that the Defendants (or non-party DOCCS) may not recover for the expenses of transporting inmate witnesses Barnhill, Griffen, and Brent-Pridgen. Section 1821(a)(1) provides that any witness "fees or allowances" due under this section "shall be paid" to that witness. Of course, these inmates were not paid for DOCCS' actions of transporting them to Court, nor should they have, since Section 1821(f) provides that "any witness who is incarcerated at the time that his or her testimony is given [with an exception that does not apply here] may not receive fees or allowances under this section, regardless of whether such a witness is incarcerated at the time he or she makes a claim for fees or allowances under this section." Since no fees or costs were due under Section 1821, they are inappropriate costs under Section 1920, and therefore not taxable under Rule 54(d). The Plaintiff's Objections to the Defendants' submission of $523.19 in costs for witness expenses is sustained, and these costs are disallowed.

## CONCLUSION

For the all of the foregoing reasons, the Plaintiff's Objections to the Defendants' Bill of Costs is sustained in part, and overruled in part. The Objection to deposition expenses in the amount of $586.53 is overruled, and the Objection to the taxation of $523.19 for witness transportation expenses is sustained. The Clerk of the Court shall tax costs in the amount of $586.53 in favor of the Defendants.

IT IS SO ORDERED.

Dated: June 16, 2015
　　　　Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court