UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEATRICK MARSHALL,

                          Plaintiff,

                                                              Case # 12-CV-6127-FPG

v.

                                                               DECISION AND ORDER

C.O. PAUL E. JAYNE, et al.,

                          Defendants.
_____

Following a four day trial, the jury returned a no cause of action verdict in favor of the Defendants on March 5, 2015. ECF No. 48. Judgment was entered accordingly, ECF No. 49, and Plaintiff Deatrick Marshall timely filed a Notice of Appeal on April 3, 2015, ECF No. 52. Presently before the Court is a letter from Marshall seeking a free copy of the trial transcript. ECF No. 57. For the following reasons, the application is denied without prejudice.

## DISCUSSION

28 U.S.C. § 753(f) provides that "fees for transcripts furnished ... to persons permitted to appeal *in forma pauperis* shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is "reasonably debatable" and (2) whether the transcript is necessary to the presentation of the appeal. *O'Neal v. Cnty. of Nassau*, 992 F. Supp. 524, 536 (E.D.N.Y. 1997) *aff'd sub nom. O'Neal v. Nassau Cnty. Dep't of Soc. Servs.*, 133 F.3d 907 (2d Cir. 1998) (internal citations omitted). "[C]ourts also take into account ... the cost to the

Court of providing the requested transcript." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009).

Marshall's letter does not provide any basis for this Court to determine that his appeal presents a substantial question, and instead, he simply requests all transcripts "so that I am able to effectively present the facts on my appeal." This generic statement is insufficient to meet the high standard of 28 U.S.C. § 753(f), and as a result, his application is denied.

However, given Marshall's *pro se* status, he may file a subsequent application under 28 U.S.C. § 753(f), if he believes that he can satisfy the requirements of that section.

## CONCLUSION

For all of the foregoing reasons, Marshall's application for a free copy of the trial transcript in this case (ECF No. 57) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:   Rochester, New York
         January 8, 2016

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court