UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEATRICK MARSHALL,

                       Plaintiff,

                                                          Case # 12-CV-6127-FPG

v.

                                                          DECISION AND ORDER

C.O. PAUL E. JAYNE, et al.,

                       Defendants.
_____

       Following a four day trial, the jury returned a no cause of action verdict in favor of the Defendants on March 5, 2015. ECF No. 48. Judgment was entered accordingly, ECF No. 49, and Plaintiff Deatrick Marshall timely filed a Notice of Appeal on April 3, 2015. ECF No. 52. By Decision and Order dated January 7, 2016, the Court denied without prejudice Plaintiff's application for a free copy of the trial transcript. ECF No. 58. Presently before the Court is a renewed letter application and supplemental letter from Plaintiff that seeks a free copy of the trial transcript. ECF Nos. 59, 60. For the following reasons, the application is denied.

DISCUSSION

       28 U.S.C. § 753(f) provides that "fees for transcripts furnished ... to persons permitted to appeal *in forma pauperis* shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is "reasonably debatable" and (2) whether the transcript is necessary to the presentation of the appeal. *O'Neal v. Cnty. of Nassau*, 992 F. Supp. 524, 536 (E.D.N.Y. 1997) *aff'd sub nom. O'Neal v. Nassau Cnty. Dep't of Soc. Servs.,* 133 F.3d 907 (2d Cir. 1998) (internal citations omitted). "[C]ourts also take into account ... the cost to the Court of providing the requested transcript." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009).

Plaintiff has specified one issue that he wishes to pursue on appeal, namely, that the Court should have appointed him *pro bono* counsel to help him investigate his case and to locate witnesses. ECF No. 59. The appointment of *pro bono* counsel is a matter within a district court's "broad discretion," *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986), and the decision to appoint counsel is reviewed under the highly deferential abuse of discretion standard. *Id.* In this case, Plaintiff called four witnesses (Dawan Brent-Pridgen, Marcos Perez, Alvin Barnhill and Lee Griffin) to testify about the alleged excessive force incident, so his argument that he required counsel to locate witnesses to the alleged incident is inconsistent with the record. Given this, the proposed appellate issue regarding the appointment of counsel does not amount to a "substantial question." Plaintiff does not identify any other specific issues he wishes to raise on appeal, but again requests all transcripts "so that I may effectuate my appeal properly." ECF No. 60. Plaintiff's arguments are insufficient to meet the high standard of 28 U.S.C. § 753(f), and his renewed application for free trial transcripts is denied.

## CONCLUSION

Plaintiff's application for a free copy of the trial transcript in this case (ECF No. 59) is DENIED.

IT IS SO ORDERED.

Dated: December 15, 2016
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court